1  **WO**

2

3

4

5

6         **IN THE UNITED STATES DISTRICT COURT**

7         **FOR THE DISTRICT OF ARIZONA**

8    Daniel Wayne Cook,                    )    No. CV-97-146-PHX-RCB
                                           )
9              Petitioner,                 )    DEATH PENALTY CASE
                                           )
10   v.                                    )
                                           )
11                                         )
                                           )    **ORDER RE: CERTIFICATE OF**
12   Dora Schriro, et al.,[1]              )    **APPEALABILITY**
                                           )
13             Respondents.                )
                                           )
14                                         )

15         The Court has denied Petitioner Daniel Wayne Cook's petition for a writ of habeas

16   corpus. In the event Petitioner appeals from this Court's judgment, in the interests of

17   conserving scarce Criminal Justice Act funds that might be consumed drafting an application

18   for a certificate of appealability to this Court, the Court on its own initiative has evaluated

19   the claims within the petition for suitability for the issuance of a certificate of appealability.

20   See 28 U.S.C. § 2253(c); Turner v. Calderon, 281 F.3d 851, 864-65 (9th Cir. 2002).

21         Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal

22   is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a

23   certificate of appealability ("COA") or state the reasons why such a certificate should not

24   issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has

25   made a substantial showing of the denial of a constitutional right." This showing can be

26

27         [1] Dora Schriro, Director of the Arizona Department of Corrections, is substituted

28   pursuant to Fed. R. Civ. P. 25(d)(1).

1 established by demonstrating that "reasonable jurists could debate whether (or, for that

2 matter, agree that) the petition should have been resolved in a different manner" or that the

3 issues were "adequate to deserve encouragement to proceed further." Slack v. McDaniel,

4 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).  For

5 procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the

6 petition states a valid claim of the denial of a constitutional right, and (2) whether the court's

7 procedural ruling was correct.  Id.

8        The Court finds that reasonable jurists could debate its resolution of the issues set

9 forth in Claims 1, 2, 6, and 10, and its procedural rulings with respect to Claims 17-20.  The

10 Court therefore grants a certificate of appealability as to these issues.  For the reasons stated

11 in the Court's Memorandum of Decision and Order filed simultaneously on this date as well

12 as the Order regarding the procedural status of Petitioner's claims filed on September 17,

13 1999 (dkt. 39), the Court declines to issue a certificate of appealability for Petitioner's

14 remaining claims and procedural issues.

15        Based on the foregoing,

16        **IT IS HEREBY ORDERED** that the Court grants a Certificate of Appealability as

17 to the following issues:

18    Whether Claim 1, alleging that Petitioner's request to represent himself at trial
      because he was not receiving competent representation from his court-
19    appointed lawyer was not a knowing, voluntary, informed waiver of his Sixth
      Amendment right to the assistance of effective counsel, fails on the merits;
20

      Whether Claim 2, alleging that Petitioner's decision to waive his Sixth
21    Amendment right to counsel was not knowing, intelligent, and voluntary
      because at the time he made the decision he was suffering from mental
22    problems that rendered him incompetent, fails on the merits;

23    Whether Claim 6, alleging that Petitioner was denied his due process right to
      a fair trial under the Fourteenth Amendment because the testimony of John
24    Matzke was coerced by an unconstitutional plea agreement between Matzke
      and the State, fails on the merits;
25

      Whether Claim 10, alleging that the prosecutor's comments during closing
26    argument, including allusions to Petitioner's failure to explain where he was
      at the time of the murders and the fact that Petitioner was the only person in
27    the courtroom who could explain what had happened, violated Petitioner's
      Fifth and Fourteenth Amendment right to remain silent and not testify on his
28    own behalf, fails on the merits;

                                          2

1

2

Whether Claim 17, alleging that Petitioner's Eighth and Fourteenth Amendment rights to due process and reliable capital sentencing procedures were violated by the failure to disqualify the trial judge, is procedurally barred;

3

4

Whether Claims 18, 19, and 20, alleging that the trial court violated the Eighth and Fourteenth Amendment when it found the pecuniary gain and cruel, heinous, or depraved aggravating circumstances, are procedurally barred.

5

DATED this 28th day of March, 2006.

6

7

8

_____

Robert C. Broomfield

9

Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3