1  **WO**

2

3

4

5

6

7  **IN THE UNITED STATES DISTRICT COURT**

8  **FOR THE DISTRICT OF ARIZONA**

9
| | |
|---|---|
| Daniel Wayne Cook, | Case No. CV-97-146-PHX-RCB |
| Petitioner, | Death Penalty Case |
| vs. | Order Allowing Confidential Contact Visit with Petitioner |
| Charles L. Ryan, et al., | |
| Respondents. | |

15          Pending before the Court is Daniel Wayne Cook's Stipulation for Order Allowing

16  Confidential Contact Visit with Petitioner.  Cook's counsel and counsel for the Arizona

17  Department of Corrections ("ADOC") have stipulated to the terms of the Order Allowing a

18  Confidential Contact Visit between Daniel Wayne Cook and Dr. Tora Brawley, a

19  neuropsychologist retained by Cook's counsel.

20          Cook, through counsel, has requested that ADOC allow Dr. Brawley to have a

21  confidential contact visit with Cook to gather information necessary for the preparation of

22  Cook's clemency petition.  Cook, a death row inmate, is currently housed in Browning Unit,

23  a maximum security prison facility located in the Arizona State Prison Complex, Eyman, in

24  Florence, Arizona.  Because of the nature of the prisoners housed in this facility, Browning

25  Unit has a no-contact-visit policy absent a court order.  The Ninth Circuit has held that

26  ADOC's non-contact visitation policy at its high security prisons is rationally related to its

27

28                                          Page 1 of  3

legitimate penological concerns. *Casey v. Lewis*, 4 F.3d 1516, 1523 (9th Cir. 1993) ("The ADOC policy is a reasonable response to the legitimate institutional concerns posed by full contact visitation: prevention of escape, assault, hostage-taking, and the introduction of contraband."). Cook, through counsel, acknowledges that ADOC has a legitimate penological interest in requiring that any contact visit be conditioned on following certain security measures. To assist this Court in determining the extent of the visitation/examination, as well as to protect ADOC's interest in securing its prisons, the limitations on the visit are listed below.

**IT IS ORDERED** that Petitioner's Stipulation for Order Allowing Contact Visit between Daniel Wayne Cook and Dr. Tora Brawley is **GRANTED.**

**IT IS FURTHER ORDERED** that Dr. Brawley be permitted to have a confidential contact visit with Daniel Wayne Cook for neuropsychological testing under the following terms:

1. Visitation shall take place on May 6, 2010, from 9:00 a.m. to 3:00 p.m.

2. Cook's counsel shall make arrangements with Warden Ernest Trujillo ("the Warden"), Arizona State Prison - Eyman Complex Browning Unit, or his designee, to schedule such visits.

3. The Warden, through his staff, may require Dr. Brawley to subject all instruments, equipment, manuals, and the like to an inspection and inventory prior to and subsequent to any meeting with Cook.

4. If requested by Dr. Brawley, the Warden, through his staff, shall remove handcuffs from Cook so that Cook may complete certain tests. However, Cook shall at all times remain in leg irons. ADOC may require Cook to wear a stun belt during the meetings.

5. Both Cook and ADOC recognize that Cook's decision not to contest ADOC's practice of using a stun belt on Cook is due to the time constraints placed upon Cook's counsel and in no way constitutes a waiver of the "stun belt issue" in any future request for a contact visit in this case or in any other case. ADOC's willingness to stipulate hereto should not be considered a waiver of any aspect of ADOC's non-contact visitation policy.

6. Dr. Brawley will be required to wear all protective gear, including any protective vest and/or safety goggles provided by ADOC. Dr. Brawley will be allowed to wear a suit jacket over the protective vest. If requested, Dr. Brawley shall be allowed to remove the protective vest and safety goggles if,

in her opinion, the vest and/or the goggles interfere with the testing and evaluation of Cook.

7.     The meetings between Cook and Dr. Brawley shall be confidential and take place in a room that allows for privacy. The room in which the meetings take place shall have a door that remains closed during the meeting. The room may have windows which allow the Warden, through his staff, to observe the meeting. Dr. Brawley shall sit in the chair closest to the door, and Cook shall not go between her and the door without permission. The room in which the meetings take place shall have three chairs and a table no larger than three feet in width.

8.     Dr. Brawley shall be allowed to have physical contact with Cook as is necessary to conduct testing.

9.     Before being allowed the contact visit authorized herein, Dr. Brawley shall certify in a written release to ADOC that she has investigated and ascertained the risks to her personal safety associated with the visit as authorized by and under the circumstances described in this order; that she agrees to assume those risks; that she releases and holds harmless ADOC, the state of Arizona, and their officers and employees from any claim arising from death or injury associated with the risks assumed. However, such release shall not operate as a release of gross negligence on the part of ADOC.

10.     Dr. Brawley shall submit her full name, date of birth, and social security number to ADOC at least ten days before the scheduled examination of Cook. In the event that she has had a prior arrest or conviction for any felony offense, she will not be permitted into the institution.

11.     ADOC's willingness to stipulate to the contact visit hereto shall not be considered a waiver of any aspect of ADOC's non-contact visitation policy.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order to counsel of record; and to Michael Brodsky, Assistant Attorney General, Arizona Department of Corrections, 1275 West Washington, Phoenix, AZ 85007; and Warden Trujillo, Arizona State Prison, Eyman Prison Complex, Browning Unit, 4374 East Butte Avenue, Florence, Arizona 85132.

Dated this 16th day of April , 2010 .

_____
Robert C. Broomfield
Senior United States District Judge